101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Kenny A. CARTER, Plaintiff-Appellant,
v.
Charles ARTUZ, Superintendent, Dept. of Corrections, New
York State, Bliden, Supt. Detp. of Corrections, New York
State, Schneider, Capt., Miller, Sgt., Skie, Sgt., all
working for the Dept. of Corrections, New York State
Greenhaven Corr. Facil., Sgt. Patterson, D.O.C., et al., New
York State, Defendants-Appellees.
 No. 95-2809.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 Kenny A. Carter, pro se, appeals from an order dated September 14, 1995, in the United States District Court for the Southern District of New York (Haight, J.), denying his motion for a preliminary injunction.
 
 
 1
 Counsel for Appellant: KENNY A. CARTER, pro se, Stormville, NY.
 
 
 2
 Counsel for Appellee:MICHAEL COHEN, Assistant Attorney General of the State of New York, New York, NY.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present MESKILL, CALABRESI, PARKER, Circuit Judges.
 
 ORDER
 
 6
 In this action, Carter, who is currently incarcerated, alleges various violations of his civil rights, including a claim that the defendant corrections officials are poisoning his food and drinking water. Carter moved to enjoin the defendants from continuing their harmful conduct, to require the defendants to provide him with immediate medical care, and to transfer him to federal custody. Because Carter failed to submit any evidence indicating that he suffered from ill health, while, on the other hand, the defendants submitted evidence demonstrating that Carter was in excellent health and had not been denied medical attention, the district court denied his motion.
 
 
 7
 We review a district court's denial of a preliminary injunction for abuse of discretion. Warner-Lambert Co. v. Northside Development Corp., 86 F.3d 3, 6 (2d Cir.1996). Clearly, no such abuse was present here. A party seeking a preliminary injunction must establish, inter alia, that he will suffer irreparable harm. This is "the single most important prerequisite" for injunctive relief, and a court will not even consider the other prerequisites until that requirement is met. Reuters, Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir.1990) (internal quotation marks omitted). Carter offered no evidence that the defendants were engaged in the abusive activity that he alleges, and no evidence of any ill effects on his health. The district court was therefore well within its discretion in concluding that Carter had not established that he would suffer irreparable harm in the absence of a preliminary injunction.
 
 
 8
 We have examined all of Carter's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.